```
             IN THE UNITED STATES DISTRICT COURT
                   DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,    )    CASE NO: 4:18CR3040
                             )
            Plaintiff,       )
                             )    Lincoln, Nebraska
vs.                          )    March 12, 2019
                             )    12:34 p.m.
JEREMY WAYNE RUSSELL,        )
                             )
            Defendant.       )
```

TRANSCRIPT OF SENTENCING HEARING
BEFORE THE HONORABLE RICHARD J. KOPF
SENIOR UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Plaintiff:          Sara Fullerton
                            Assistant United States Attorney
                            100 Centennial Mall North
                            Suite 487, Federal Building
                            Lincoln, NE 68508

For the Defendant:          John Vanderslice
                            Assistant Federal Public Defender
                            100 Centennial Mall North
                            Suite 112, Federal Building
                            Lincoln, NE 68508


Proceedings recorded by electronic sound recording, transcript produced by transcriptionist.

2

March 12, 2019

(Whereupon the following proceedings

took place in open court at 12:34 p.m.:)

(Call to Order of the Court.)

THE COURT: We're on the record now in U.S. against Jeremy Wayne Russell. The case number is 4:18CR3040.

Counsel, please remain seated but now enter your appearance.

MS. FULLERTON: Your Honor, I'm Assistant United States Attorney Sara Fullerton, and with me is senior certified law student Chris Harroun, representing the Government.

MR. VANDERSLICE: And John Vanderslice on behalf of Mr. Russell.

THE COURT: May I confirm with you, Mr. Vanderslice, that you have discussed the presentence report and any addendum with your client, as well as the sentencing recommendation?

MR. VANDERSLICE: Yes, Judge, I've discussed both documents with Mr. Russell.

THE COURT: And that you have provided him with an opportunity to read them?

MR. VANDERSLICE: Yes, and actually we had some fairly lengthy discussions about whether or not he was a career offender, and we've discussed that fully also. I

should note that Ms. Baumann, from the Probation Office, provided me with background documents, particularly related to paragraph 47 and 54, which are the predicates for him being a career offender. I looked at those documents very carefully, and after my review of those documents, we did not object to him being found a career offender.

THE COURT: All right. The -- And you filed a statement of your position indicating that there would be no objection. I noted that Ms. Baumann, and I'm not being critical of her, overlooked that statement. And if you look at the first paragraph of the text of the sentencing recommendation, you will see that Ms. Baumann states that, "Defense counsel has objected to the PSR as it relates to paragraph 54 being a proper predicate for a career offender finding."

MR. VANDERSLICE: And I did initially informally to her, but then when it came time for the revised PSR to come out, I had not yet had an opportunity to review the documents that she had given me, and they were somewhat voluminous. And so by the time that I had reviewed them, it was time for me to file my sentencing statement, and at that point in time I filed that statement stating that we had no objection to the career offender finding.

THE COURT: Right. So what I'm going to do is request that Ms. Baumann amend the sentencing recommendation

4

that gets filed so that that language does not appear in the sentencing recommendation. That would be helpful.

Will you do that?

MS. BAUMANN: Yes, Your Honor.

THE COURT: All right. So is there a plea agreement here?

MR. VANDERSLICE: There is.

THE COURT: And do you want me to adopt it?

MR. VANDERSLICE: Yes, please.

MS. FULLERTON: Yes, Your Honor.

THE COURT: Is there anything in the plea agreement which is inconsistent with the presentence report or the sentencing recommendation?

MS. FULLERTON: No, Your Honor.

MR. VANDERSLICE: No.

THE COURT: I adopt the plea agreement.

That then takes me to the presentence report. There are no objections or motions pending regarding it, so it looks to me that we have a total offense level of 31, and a criminal history category of six, providing a guideline range of 188 to 235 months in prison, a supervised release range of four to five years. Probation is -- the Defendant is ineligible. The fine range is thirty thousand to five million dollars. There is no monetary restitution required, and a $100 special assessment must be paid.

5

1  Counsel, have I accurately stated the correct
2  advisory guideline information and related information?
3  MS. FULLERTON:  Yes, Your Honor.
4  MR. VANDERSLICE:  Yes.
5  THE COURT:  Are you prepared to proceed to
6  sentencing now?
7  MS. FULLERTON:  Yes, Your Honor.
8  MR. VANDERSLICE:  Yes.
9  THE COURT:  I'll hear from the Government.
10  MS. FULLERTON:  Your Honor, I'd ask the Court to
11  take -- to adopt the recommendation of the Probation Officer.
12  THE COURT:  Counsel.
13  MR. VANDERSLICE:  As would I, Judge.
14  The difference here between a career offender
15  finding and otherwise is 188 versus 110.  The career offender
16  finding jacks up Mr. Russell's sentence by 78 months.  That's
17  a pretty -- pretty high price to pay for what he's been
18  involved with.
19  I got to know Mr. Russell pretty well as we went
20  throughout his case just because he is a person that's very
21  articulate.  He likes to know what's going on with his case.
22  And I found him to be a person that makes good choices as far
23  as how he moved forward.
24  Unfortunately, we got him into Nova, and he got
25  kicked out of Nova, and he wasn't able to successfully

6

1   complete that program. I know that he hasn't given up on
2   himself related to continuing to work on his drug addiction,
3   and I'm sure that he's going to do that once he gets out.
4          I would ask you to make some recommendations to BOP,
5   Judge. First of all, for the 500 hour drug treatment program.
6          Also that he get whatever kind of educational and
7   vocational training that they might be able to afford him.
8          I would ask that you recommend that he go to FCI
9   Sandstone, Minnesota, or -- I'm not sure if it's an FCI or
10  not, but the BOP facility in Sheridan, Oregon, alternatively.
11         Those are the things that I think are important as
12  far as the recommendations, Judge, and I'm hoping that when
13  Mr. Russell does get out that he'll figure out a way to live
14  his life that is drug free and crime free.
15         THE COURT: Thank you.
16         Mr. Russell, you have the right to speak now.
17  You're not obligated to say anything, but now is the time to
18  speak if you want to say anything.
19         THE DEFENDANT: I just -- I thank the Court for
20  giving me a chance to go to treatment, even though I didn't
21  complete it, I appreciate that. And that I just -- I wish I
22  would have never got involved in what I was doing, that I'd
23  never -- yeah.
24         THE COURT: Thank you.
25         To reflect the seriousness of the offense, to

1   promote respect for the law, to provide for just punishment,
2   to afford deterrence, to protect the public against further
3   offenses of the offender, and more generally, to satisfy the
4   statutory goals of sentencing, I sentence Mr. Russell to 188
5   months in prison.  I recommend in the strongest possible terms
6   that he be enrolled in the RDAP program.  I recommend in the
7   strongest possible terms that he receive educational and
8   vocational programming.  And I recommend that he be placed at
9   either Sandstone, Minnesota, or Sheridan, Oregon.
10              I place him on four years of supervised release in
11  accordance with the provisions of supervised release set out
12  in the sentencing recommendation, a copy of which was provided
13  to counsel in writing on March 4, 2019.
14              I do not impose a fine because the Defendant could
15  not pay one.
16              There's no monetary restitution required, and a $100
17  special assessment must be paid.
18              Counsel, have I accurately stated the correct
19  advisory guideline calculations?
20              MS. FULLERTON:  Yes, Your Honor.
21              MR. VANDERSLICE:  Yes, Judge.
22              THE COURT:  Do either of you wish any further
23  elaboration of my statement of reasons?
24              MS. FULLERTON:  No, Your Honor.
25              MR. VANDERSLICE:  No.

8

1  THE COURT: All right. Mr. Russell, if you have not
2  waived your right to appeal, you have a right to appeal. That
3  means that a higher court would review what I have done. If
4  you want to seek that review, you've got to do that within 14
5  days of today's date, if you haven't waived your right to
6  appeal. Appeal means that a higher court will review what
7  I've done, and they'll give you a free lawyer, and they won't
8  make you to pay money to appeal, but you lose that right if
9  you don't file the paperwork within 10 days -- 14 days of
10 today's date.
11  Mr. Vanderslice will file that for you. He must if
12 you ask him to.
13  My court clerk must do the same thing, and, of
14 course, you could file it for yourself, basically saying on a
15 piece of paper I want to appeal.
16  Do you have any questions about your right to
17 appeal?
18  THE DEFENDANT: No, sir.
19  THE COURT: Is there anything further that we can
20 take up?
21  MS. FULLERTON: No, Your Honor.
22  MR. VANDERSLICE: No, Judge. Thank you.
23  THE COURT: We stand in recess.
24  Ms. Baumann, you're excused.
25  (12:43 P.M. -- END OF HEARING)

9

## TRANSCRIBER'S CERTIFICATE

I, a court-approved transcriber, certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

Dated this 20th day of April, 2021.

/s/ Diana Wilkey
Transcriber